IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHELLE KYNASTON,<br><br>    Plaintiff,<br>v.<br><br>WALMART, INC.,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:20-cv-152 HCN DBP<br><br>District Judge Howard Nielsen<br><br>Chief Magistrate Judge Dustin B. Pead |

  This matter is before the court on Plaintiff's Motion for Amended Scheduling Order (ECF No. 17.) and Short Form Discovery Motion. (ECF No. 18.)[1] After considering the record in this case, relevant law, and the parties' respective positions, the court will grant the Motion for Amended Scheduling Order and the discovery motion.[2]

  The court notes at the outset that Defendant Walmart has no objection to Plaintiff's Motion to Amend Schedule. Therefore, that motion is granted. The parties are to meet, confer, and submit a proposed Amended Scheduling Order to the court within seven (7) days from the date of this order. This proposed scheduling order is to be emailed to the undersigned.[3]

  There is no such agreement on the discovery issues, or at least as to the speed of production. Plaintiff seeks responses to its Interrogatories Numbers 1, 5, and 6 and to its First Requests for Production of Documents and First Requests for Admission. Plaintiff initially sent these discovery requests in July 2020. Over the course of the next six months the parties

---

[1] This matter is referred to the undersigned in accordance with 28 U.S.C. § 636 (b)(1)(A) from Judge Howard Nielson. (ECF No. 14.)

[2] The court has determined that oral argument would not be materially helpful and will decide the motion on the basis of the written memoranda. DUCivR 7-1(f).

[3] As listed on the court's website, this can be sent to utdecf_pead@utd.uscourts.gov.

discussed back and forth the production. An initial production was served in the latter part of August and Plaintiff's counsel followed up identifying deficiencies. The parties' discussions continued until in the latter part of November when Defendant served new responses. Plaintiff asserts these new responses still fail to address most of the initial deficiencies that were raised months ago. Eventually after not receiving responses Plaintiff felt was sufficient, the current motion was filed. After the motion was filed Defendant served more supplemental responses. And finally, Defendant informed Plaintiff that still more documents were being obtained and would be produced in response to the discovery requests

> Federal Rule of Civil Procedure 26, which governs discovery, provides that
>
> the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

F.R.C.P. 26(b)(1). Here, the issue before the court is not about relevance or whether the discovery should be produced, instead, it is centered on the timeliness of the production, and whether such delays lead to an award of fees. Plaintiff seeks $1,500.00 due to the "substantial additional expense she has incurred as a result of Walmart's extremely late and inadequate discovery responses." (ECF No. 23 p. 4.) In contrast, Defendant asserts it has not engaged in "obstruction or unreasonable delay" so fees are not warranted. (ECF No. 21 p. 4.)

The court appreciates and compliments the parties' cooperation in seeking to resolve this matter. The history of this dispute, however, which includes the length of time for providing discovery responses that may possibly still have some inadequacies,

2

leads the court to find that a minimal award of attorney fees is warranted. Federal Rule 37 provides that the court may grant expenses if a motion is granted, or if the discovery is provided after the motion was filed. This is the instance here. Accordingly, Plaintiff's request for $1,500 in attorney fees is GRANTED. Because additional discovery has been provided, and the parties are cooperating in fulfilling their discovery obligations as set forth in the Rules, the court does not weigh in on the relevance or proportionality of the requests. The parties are to continue using their best efforts in resolving any ongoing discovery disputes.

Accordingly, Plaintiff's Motion to Amend Schedule is GRANTED. IT IS FURTHER ORDERED that Plaintiff's Short Form Discovery Motion is GRANTED as to the request for Attorney Fees. Such fees are to be paid within thirty (30) days from the date of this order.

IT IS SO ORDERED.

DATED this 2 March 2021.

_____
Dustin B. Pead
United States Magistrate Judge