IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHELLE KYNASTON,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>WALMART, INC.,<br><br>　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:20-cv-152 HCN DBP<br><br>District Judge Howard Nielsen<br><br>Chief Magistrate Judge Dustin B. Pead |

　　　　This matter is before the court on Plaintiff's Renewed Short Form Motion to Compel Discovery Responses (ECF No. 28.), and Plaintiff's Second Short-Form Motion to Compel Discovery Responses to Plaintiff's Second Interrogatories and Requests for Production of Documents. (ECF No. 29.)[1] After considering the record in this case, relevant law, and the parties' respective positions, the court will grant the motions in part and deny them in part.[2]

## BACKGROUND

　　　　Plaintiff suffers from multiple auto-immune diseases, including Hashimoto's disease and celiac disease. She takes medicine and also has regular tests to help monitor their severity. Plaintiff was promoted to an hourly department manager position with Defendant, and during her employment, Plaintiff observed one of her coworkers, C.J., engaging in "rude sexually-related conduct, including comments and gestures toward female coworkers." Amend. Complaint ¶ 11, ECF No. 4. In December 2018, CJ made rude comments and gestures toward Plaintiff. Plaintiff

---

[1] This matter is referred to the undersigned in accordance with 28 U.S.C. § 636 (b)(1)(A) from Judge Howard Nielsen. (ECF No. 14.)

[2] The court has determined that oral argument would not be materially helpful and will decide the motion on the basis of the written memoranda. DUCivR 7-1(f).

reported the incident via a written complaint to a manager. Afterward, Plaintiff alleges other managers and coworkers began to retaliate toward her.

Plaintiff subsequently met with the store manager and was informed that her complaints would be handled through an external corporate investigation. Despite the ongoing investigation, C.J. allegedly continued to engage in inappropriate activities. On February 24 2019, Plaintiff left work early due to symptoms with her ailments. She changed medications, which caused some side effects resulting in Plaintiff being absent from work for several days. Plaintiff returned to work on March 4, 2019, and later that day was instructed by her supervisor, Whitney Zimmerman, that she should "take some time off and file for a medical leave of absence." *Id.* ¶ 27. On March 21, 2019, Plaintiff received a message from the Human Resources Manager stating that her leave of absence paperwork had not been received, and on the following day after going into the store, Plaintiff was informed she had been terminated by Ms. Zimmerman for failing to turn in the paperwork.

Plaintiff filed a charge of discrimination with the Utah Anti-Discrimination Division (UALD) and the U.S. Equal Employment Opportunity Commission (EEOC), charging Walmart with gender discrimination, disability discrimination, and retaliation. Plaintiff received a Notice of Right to Sue from the EEOC and this suit followed. Plaintiff brings claims of gender discrimination, disability discrimination, retaliation, violation of the family medical leave act, negligent employment, and breach of contract.

In March of this year, the court issued an order granting Plaintiff's request for attorney fees due to Defendant's delays in providing discovery responses. The court did not reach the merits of the motion at that time because additional responses were provided by Defendant. Plaintiff now brings a renewed motion seeking sufficient responses to Interrogatories Nos. 1 and

5, and to the First Requests for Production of Documents and Admissions. The day after filing this motion, Plaintiff filed an additional motion seeking responses to Plaintiff's Second Interrogatories Nos. 1, 6, 8, 10, and 11 plus the Second Request for Production of Documents Nos. 10 and 11. Plaintiff also seeks to strike improper objections.

## DISCUSSION

The touchstone for discovery is found in Federal Rule of Civil Procedure 26. Rule 26 provides that

> the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

F.R.C.P. 26(b)(1).

### I.   Plaintiff's Renewed Motion to Compel is Granted in Part

#### A. Interrogatories

Plaintiff seeks additional responses to its First Interrogatories No. 1 and 5. Interrogatory No. 1 states:

> For each of the following Interrogatories, describe in detail the source of the information provided in your response, and describe in detail all actions taken to provide information responsive to such Interrogatory.

(ECF No. 28-1 p. 3.) In response, Defendant provided that "Counsel prepared these Responses with information provided by Walmart employees." *Id.* In later interrogatories, Defendant identifies certain individuals that provided responses such as Cory Mills, Jason Lundy, and Brian Mansfield the store manager. Defendant also cites to documents such as Plaintiff's personnel records, or disciplinary records, that support its response. The court has reviewed Defendant's

3

responses and find they are adequate. There is no need, therefore, for Defendant to provide a further response to Interrogatory No. 1.

Interrogatory No. 5 states:

Please describe in detail all communications which occurred during the period of December 1, 2018 and June 1, 2019 between Plaintiff and each of the following persons in relation to the following subjects: (i) Plaintiff's medical condition; (ii) Plaintiff's work attendance; (iii), Plaintiff's proposed leave of absence; (iv) any complaint made by Plaintiff; and (v) Plaintiff's termination of employment:

(a) Brian Mansfield;
(b) Terry Graft;
(c) Whitney Zimmerman;
(d) Phillip Tonga;
(e) Aneela Patel;
(f) Nathan Wettach;
(g) Brian Bulloch,
(h) Kasi Self;
(i) Olivia Hamilton;
(j) Frankie Bond;
(k) "C.M."
(l) Asset Protection Manager "Jason"
(m) Co-Manager "Lisa"
(n) H.R. Manager "Sharon".

(ECF No. 28-1 p. 30.) Defendant responded that it

has produced email communications responsive to this Interrogatory, containing the substance of those communications. Plaintiff was repeatedly absent or late for work, for which she received written warnings from Defendant. The substance of those warnings communicated to Plaintiff has also been produced. During a period of repeated and unexcused absence between February 22 and March 12, 2019, Defendant's supervisor Whitney Zimmerman invited Plaintiff to apply for a protected leave of absence, but Plaintiff declined to do so. Discovery is ongoing, and Defendant will supplement its response as appropriate.

*Id.* at p. 30-31.

Plaintiff takes issue with this response alleging it is improper and non-responsive. Specially Defendant has produced some responsive documents, "but has refused to provide any information regarding oral communications." Reply p. 3, ECF No. 35. In support Plaintiff points

4

to an email sent to counsel for Defendant. The court has reviewed the email, and find it does not support Plaintiff's bald assertion that Defendant "has refused to provide any information regarding oral communications." Instead, based on the record, it appears that Defendant is seeking to cooperate and provide responsive information. The court, however, finds little information regarding any oral communications. Therefore, Defendant is ordered to do a further search and provide information regarding oral communications. The admissibility of such communications may prove problematic at trial. Yet, at the discovery stage, admissibility is not the standard. The court also notes that the burden of discovering such information rests in part on Plaintiff, who can pursue questions regarding oral communications in depositions. Defendant nevertheless is required to provide responsive information regarding oral communications.

## B. Requests for Admission and Production

Plaintiff asserts the exchange of certain text messages is critical to this case. Plaintiff's First Requests for Admission centers on these text messages. It states:

> 1. Admit that page 1 of Exhibit "A" hereto is an accurate copy of a text message that was sent by Plaintiff to Whitney Zimmerman on February 23, 2019.
> 2. Admit that page 2 of Exhibit "A" hereto is an accurate copy of a text message that was sent by Plaintiff to Whitney Zimmerman on February 26, 2019.
> 3. Admit that page 3 of Exhibit "A" hereto is an accurate copy of a text message that was sent by Whitney Zimmerman to Plaintiff on February 26, 2019.
> 4. Admit that page 4 of Exhibit "A" hereto is an accurate copy of text messages that was exchanged between Whitney Zimmerman and Plaintiff on March 4, 2019.

Reply p. 4. Defendant responded that it "is without sufficient information to conclusively admit or deny the accuracy and date of the text message, because it does not have access to Ms. Zimmerman's personal telephone which she no longer uses, but Defendant believes the text is an accurate record. Discovery is ongoing and Defendant will supplement its response as appropriate." *Id.*

5

Plaintiff argues Defendant's response is evasive and non-responsive. Ms. Zimmerman is the current manager at Defendant, and according to Plaintiff, "can simply be asked if she exchanged the texts with Plaintiff." *Id.* p. 5. The court agrees that Defendant can ask Ms. Zimmerman whether she exchanged the texts with Plaintiff and will be required to do so. If Ms. Zimmerman, however, does not have her personal phone anymore with the texts, then Plaintiff is going to have to accept the fact that Defendant may not be able to provide the detailed answer that is desired. Once again, Plaintiff could use other discovery methods, such as depositions, to discover more about the text messages. Further, the use of "the text is an accurate record" is not as evasive as Plaintiff suggests. In the court's view, this simply means the attached text messages Plaintiff is inquiring about are accurate as far as Defendant can ascertain, because it does not have access to Ms. Zimmerman's personal cell phone. The court will require Defendant to ask Ms. Zimmerman whether she exchanged the texts with Plaintiff, but that is sufficient.

Plaintiff also takes issue with Defendant's responses to the First Requests for Production of Documents. Plaintiff notes that following the filing of this motion, Defendant served a Second Supplemental Response to its First Requests for Production of Documents. According to Plaintiff, the supplemental responses "address some of the issues raised" by the motion. Yet, certain documents are either not produced "or not clearly produced" by Defendant. These include:

> (1) Ms. Kynaston's complete personnel file, whether maintained in hard copy or electronic format; (2) Ms. Kynaston's performance evaluations; (3) Jason Lundy's training summary; (4) all documents relating to Ms. Kynaston's promotion to Produce Manager, including but not limited to her career preference application and test records; (5) all documents relating to Ms. Kynaston's assignment to the Fresh CAP 2 Team; (6) All organizational charts relating to Store #3589; (7) Terry Graft's written job description; (8) the attendance policy that was in effect for Store #3589 prior to February 2019; (9) a full and accurate copy of Walmart's Discrimination & Harassment Prevention Filed Management Guidelines; (10) a

>more legible copy of Ms. Kynaston's handwritten complaint; (11) an explanation of the blank pages that appear as Walmart document production pages 150 -174.

Reply p. 5.

In response, Defendant notes that it has produced "Training Records and Training Course Material with a list of the names of the employees who received the training – including employees not accused of any wrongdoing." Op. p. 6. Defendant has also "searched the available files for each listed employee and has produced all responsive communications between Plaintiff and each named employee in its possession." *Id.* p. 5. It appears at least some of these produced materials overlap with Plaintiff's production requests. The court, however, orders Defendant to go through the numbered list set forth above to ascertain if those documents have been provided. Defendant is then to file an affidavit concerning the production of those specific items within thirty (30) days from the date of this order specifying its efforts and outlining its responses to the numbered list.

Although there has been some delay in the discovery production, which is not atypical in cases such as this, the court finds it does not warrant any further imposition of fees. Defendant has not flatly refused to produce documents, and Plaintiff's characterizations of Defendant's efforts are not supported in the record.

## II. Plaintiff's Second Short-Form Discovery Motion

In her second short-form discovery motion, Plaintiff seeks an order compelling Defendant to provide sufficient responses to Plaintiff's Second Interrogatories Nos. 1, 6, 8, 10, and 11, as well as, responding to production of documents Nos. 10 and 11. In support, Plaintiff argues Defendant's "responses are insufficient for the reasons stated within Plaintiff's letters." Motion p. 4, ECF No. 29. The court does not condone this approach to supporting a motion to compel, because it basically circumvents the page limits set forth in the Local Rules, and does

not meet the burden in showing how a discovery response is objectionable. *See Allen v. Mill-Tel, Inc.*, 283 F.R.D. 631, 633 (D. Kan. 2012) ("When a party files a motion to compel and asks the court to overrule certain objections, the objecting party must specifically show in its response to the motion how each discovery request is objectionable."). Instead, Plaintiff's counsel should have provided more detail in the motion, along with arguments justifying its position. If need be, a request to file an over length motion could have been addressed by the court, although in this case it appears unnecessary. In its reply memorandum, however, Plaintiff sets forth more details about its position.

     First, Plaintiff takes issue with the response to Interrogatory No. 6. This Interrogatory "requests detailed information concerning each occasion upon which Walmart contacted or attempted to contact Ms. Kynaston subsequent to March 4, 2019." (ECF No. 37-4 p. 2.) Defendant responded that it does not have records related to the invitations to apply for leave of absence. And, in supplement, Defendant provided that it is not in possession of any documents reflecting communications beginning prior to March 4 and continuing through March 12, which may have included in-person or telephonic conversations. Plaintiff argues this response is evasive and even if Defendant "does not know the specific date of some communications, it may know the approximate date, and it does know who made the attempt, the means of communication, and the result of the attempt." (ECF No. 27-2 p. 4.)

     The court disagrees with Plaintiff. Defendant does provide an approximate date in its answer of prior to March 4 and continuing through March 12. Further, Defendant responded that it does not have any records memorializing the communications. And, as noted earlier, Defendant does not have the personal cell phone which may have contained further evidence of these communications. This response is satisfactory to Plaintiff's Interrogatory, and clearly not

8

grounds to support the harsh sanction Plaintiff seeks, precluding Defendant from "presenting any evidence at trial concerning contacts or attempted contacts of Plaintiff by Walmart's agents subsequent to March 4, 2019, except for one occasion". Reply p. 5, ECF No. 37.

Next, Plaintiff again sets forth the list of numbered items that the court has already addressed above, which includes Ms. Kynaston's complete personnel file, her performance evaluations, etc. The court need not readdress them here as part of the second motion to compel.

Plaintiff also takes issue with Defendant's refusal to "identify the specific discovery requests to which its documents are intended to respond, as required by Fed. R. Civ. P 34(b)(2)(E)(i)." *Id.* p. 6. Defendant avers it has produced documents as kept in the usual course of business under the first part of Fed. R. Civ. P 34(b)(2)(E)(i). Not satisfied, Plaintiff points to *Fifth Third Bank v. KC II Insure Services, LLC*, No. 11-CV-2101 CM/DJW, 2011 WL 5920949 (D. Kan. Nov. 28, 2011), arguing that Defendant should be "ordered to identify the specific discovery requests to which its documents respond." Reply p. 6.

In *Fifth Third Bank*, the plaintiff made a similar request, that the defendant be ordered to organize and label responsive documents by category of request, and specify which documents contain answers to interrogatories. *Id.* at *3. In considering the request, the court first required the defendant business, which had ceased operation, "to make a showing that the manner in which the stored documents are being kept at the storage facility ha[d] not changed from how the documents were kept in the usual course of [the] [d]efendants' business while in operation." *Id.* at *5.

While not authoritative, the court does find the reasoning of *Fifth Third Bank* persuasive because it relied on Federal Rule 34 and another case from this district, *Cardenas v. Dorel Juv. Grp., Inc.*, 230 F.R.D. 611 (D. Kan. 2005). Federal Rule 34(b)(2)(E)(i) provides that "A party

9

must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i). Rule 34 does not explain exactly what it means to produce documents "as they are kept in the usual course of business". *Id.* So, courts in this district have held, "that a party who chooses the Rule 34(b) option to produce documents as they are kept in the ordinary course of business bears the burden of showing that the documents were in fact produced in that manner." *Cardens*, 230 F.R.D. at 618; *see also Fifth Third Bank*, 2011 WL 5920949, at *4. Merely asserting that they were produced as kept in the ordinary course of business is insufficient to carry this burden. *See id.*

Here, Defendant has yet to provide much evidence to meet this burden. As such, Defendant is ordered to provide within thirty (30) days from this order an affidavit outlining how its documents are kept in the "usual course of business." And then demonstrate that they were produced to Plaintiff in this same manner.

Finally, in reading over the parties' correspondence, the court notes a concern. While the discovery process has been somewhat difficult, it appears Plaintiff is more inclined and interested in filing motions with this court, rather than engaging in an interactive discovery process involving a give-and-take by both parties. If no documentation is available, or if certain information is lost, such as on a personal cell phone, no amount of motions will rectify such a situation. The court encourages both Plaintiff and Defendant to renew their efforts in cooperating in the discovery process and avoid the far too common scorched earth litigation that is prevalent today. *See, e.g., Vicidiem, Inc. v. Christensen*, 2020 WL 5107636, at *7 (D. Utah Aug. 31, 2020) ("The prevalence of scorched earth litigation tactics and the no holds barred approach by counsel in this case, undermine the principles set forth in Rule 1 of the Federal Rules, that promote the

"'just, speedy, and inexpensive determination of every action and proceeding.'" (quoting Fed. R. Civ. P. 1); *Utley v. Wray*, 2007 WL 2703094, at \*2 (D. Kan. Sept. 14, 2007) ("large numbers of requests for admission may also be part of a "scorched earth" discovery strategy designed to overwhelm an opponent, particularly where the requests are of marginal relevance"); *see also* Fed. R. Civ. P. 26(b)(2)(A) ("By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30.").

## ORDER

As set forth above Plaintiff's discovery motions are GRANTED IN PART and DENIED IN PART. The court DENIES any request for fees sought by Plaintiff finding them unwarranted under the present circumstances.

IT IS SO ORDERED.

DATED this 20 May 2021.

_____
Dustin B. Pead
United States Magistrate Judge